G. H. KNOEPKER, Appellant, v. JOHN AHMAN et al., Respondents.

St. Louis Court of Appeals, February 17, 1903.

1. **Sales: BREACH OF WARRANTY.** In an action for breach of warranty in the sale of a driving mare, she was represented to be good for single and double driving, when in truth the mare was not suitable for driving, as defendants knew, the verdict should be for the plaintiff, provided he tendered the animal back on discovering breach of warranty and demanded a return of his money.

2. ———: ———: **INSTRUCTION.** An instruction that if it was shown that at the time plaintiff purchased the mare he was informed by defendants, or either of them that the animal would break away from a hitching post, and plaintiff accepted the mare after such information, then the fact that the mare would not stand hitched constituted no breach of warranty, and, unless some other ground for recovery was disclosed, defendants were entitled to a verdict, is proper.

Appeal from Warren Circuit Court.—*Hon. Elliott M. Hughes,* Judge.

AFFIRMED.

*C. E. Peers* and *E. Porter Peers* for appellant.

The court gave at the instance of the defendant the following instruction: "The jurors are instructed that if it has been shown by the evidence in this cause that the plaintiff at the time he purchased the mare from the defendants, was informed by the defendants or either of them that the said mare would break away from the hitching post, and plaintiff accepted said mare after being so informed, then the fact, if shown, that said mare would not stand hitched to or would break away from the hitching post, constitutes no breach of any warranty, express or implied and is no cause for plaintiff's action and unless the evidence shows some other ground for complaint on the part of the plaintiff, defendants are entitled to the verdict." The objection to this instruction is, it goes too far in that it tells the jury in effect that the plaintiff has no cause of action. The court may sustain a demurrer to plaintiff's evidence and by that means take the case away from the jury, but it is not the province of the court to submit the case to the triers of the fact on an instruction telling them that the plaintiff has no cause of action, as this instruction certainly does. It misled the jury and was very prejudicial to plaintiff's case.

*J. B. Garber, V. McShane* and *J. M. Goodwin* for respondents.

At least it is a question where the evidence upon the point as to whether she was a good single driver or not, is conflicting. There never was any testimony to show that she was not a good double driver. We think, however, that the weight of the evidence shows very clearly

that this mare was just as represented and therefore the evidence was strong enough to support the verdict rendered by the jury. Culberten v. Hill, 87 Mo. 553; Albert v. Seiler, 31 Mo. App. 247.

GOODE, J.—Plaintiff purchased a mare from the defendants for eighty dollars, making a cash payment of fifty dollars, leaving the balance of the purchase price unpaid.

The cause of action stated for the plaintiff is that the defendant falsely and fraudulently represented to him, when he bought the mare, that she was good for single and double driving and the plaintiff, relying on that representation, purchased her; that in fact the representation was false and was known to the defendants to be false at the time they made it. It is charged that the animal is a "tearer," that is, will not stand hitched, but tears loose; and this seems to be the principal objection to her. There is evidence tending to prove that in harness she is contrary about going and sometimes balks.

The answer denied the allegations in the statement and preferred a counterclaim for thirty dollars due on the price.

There is considerable evidence on both sides of the issues of fact, that of the plaintiff tending to prove the facts alleged in the statement, and the defendants' to show they informed plaintiff the mare would not stand hitched but would break loose; also that she was not fit for family work but would drive well single or double.

The court instructed the jury that if they believed the defendant, John Ahman, acting for himself and also for his co-defendant, falsely and fraudulently represented to the plaintiff that the horse mentioned was all right for single and double driving and plaintiff was thereby induced to purchase her, when in truth she was not suitable for that purpose, as the defendants

knew, the verdict should be for the plaintiff, provided the plaintiff had tendered the animal back as soon as he discovered she was not as represented and demanded the return of his money.    That was a fair charge.

Complaint is made of this instruction.

"The jurors are instructed that if it has been shown by the evidence in this cause that the plaintiff at the time he purchased the mare from the defendants, was informed by the defendants or either of them that the said mare would break away from the hitching post, and plaintiff accepted said mare after being so informed then the fact, if shown by the evidence, that the mare would not stand hitched to or would break away from the hitching post, constitutes no breach of any warranty, express or implied and is no cause for plaintiff's action and unless the evidence shows some other ground for complaint on the part of the plaintiff, defendants are entitled to the verdict."

That charge is unobjectionable. Certainly, if the defendants notified the plaintiff in advance the mare would not stand hitched and plaintiff bought her with full knowledge of the fact, he can not claim a breach of warranty, either express or implied, on account of her breaking loose, and must recover, if at all, on some other ground, as the court advised the jury.

No error occurred in the trial of this case and the verdict of the jury in favor of the defendants, both on the plaintiff's cause of action and on their counterclaim is supported by testimony.    The judgment is affirmed. *Bland, P. J.*, and *Reyburn, J.*, concur.